David L. Glickman, J.
In this condemnation proceeding, objections to the tentative decree have been filed by claimants Hein (Damage Parcel 96), Nelson (Damage Parcel 103), Becken (Damage Parcels 100 and 102) and Grace (Damage Parcels 101A and 101B).
Claimants Hein and Nelson question the amount of awards made to them, respectively contending that such awards are inadequate. The court has reviewed the evidence contained in the trial record with respect to these parcels and has considered the oral arguments and memorandum submitted by counsel. With respect to Parcel 96, the court perceives no compelling reason for modifying the award set forth in the tentative decree. *410 As to parcel 103, claimant urges that an increase in the award is warranted because the parcel was more favorably situated in comparison to Parcel 96, thus enhancing its market value; yet the unit value per acre of the award for each parcel is substantially the same. The court finds merit in claimant’s contention and is persuaded that the award as initially made was inadequate. "Upon reconsideration, the court awards for Damage Parcel 103 the sum of $69,400. It rejects again, however, claimant’s request for an allowance of consequential damages for it is not prepared to accept the concept that the possibility of noise generating from the adjoining park can form a basis for damages to claimant’s remaining property. Manifestly, the noises, if any, that might emanate from a park of the type and nature involved in this taking are far different from the traffic noises under consideration by the Court of Appeals in Dennison v. State of New York (22 N Y 2d 409) which involved property through which a major and heavily travelled highway had been constructed within 200 feet or so of the owner’s residence.
Turning next to Parcels 100, 102, 101A and 101B, claimants appear to have no quarrel with the awards as rendered, but contend that the legal interest payable thereon should be computed at the rate of 6% per annum instead of the 4% maximum prescribed by statute. In support of their contention they have presented evidence of the progressive changes in recent years in the money market which today sees interest rates reaching 7 % and more on certain types of financial obligations. The factual proof which they present is a matter of common knowledge and has not been disputed by counsel for the petitioner.
Claimants argue that, because of this rise in the general interest rate, the constitutional mandate of ‘ ‘ just compensation ’ ’ for property taken under eminent domain must be held to include an allowance of interest in excess of the statutory limitation of 4%. To buttress their argument, claimants have stressed strongly the learned opinion rendered by Mr. Justice Geller in Matter of City of New York (New Municipal Bldg.) (57 Misc 2d 156). Judge Geller, after citing and analyzing a number of .relevant cases and after reviewing legislative changes made over the years in Federal and State statutes dealing with interest rates, and after pointing out that both the Federal and New York State Governments, by statutory amendments, have increased the interest rates to 6% on awards in condemnations instituted by them, reached the conclusion that currently the 6% rate is reasonable and proper and should be allowed to claimants, despite the statutory limitation. In so ruling, Mr. Justice Gelleb held in effect that the 4% rate, under present-day stand *411 ards deprived claimants of the just compensation prescribed by the Constitution.
The relevant statutory provision applicable in the instant proceeding is contained in section 13 of the Suffolk County Improvement Act (L. 1933, ch. 566) and reads as follows: “ In such eases interest at the legal rate upon the sum or sums to which the owners are justly entitled upon the date of the vesting of title in the county, as aforesaid, from said date to the date of the final decree of the court or to the date of the report of the commissioners of estimate as the case may be, shall be awarded by the court or by the commissioners, as the case may' be as part of the compensation to which such owners are entitled.” (Emphasis supplied.) The legal rate referred to in section 13 is spelled out in section 3-a of the General Municipal Law which specifies that the rate of interest on a claim against a municipal corporation stemming from a condemnation proceeding shall not exceed 4% per annum. Included in its definition of a municipal corporation is, among others, a city, county, town or village.
In May, 1965, the late Mr. Justice Zalesici of this court, in passing on this question of interest, held in Matter of Town Bd. of Town of Brook-haven (Airport) (46 Misc 2d 621) that the 4% maximum rate fixed by section 3-a of the General Municipal Law was the proper legal rate of interest, and refused to grant an application seeking a rate in excess thereof. On appeal, the Appellate Division, Second Judicial Department, in May, 1966 (25 A D 2d 951), affirmed the award as granted, and affirmed also the interest rate as fixed by Mr. Justice Zaleski which, contrary to the contention of claimant Grace, was an issue under consideration by the appellate court.
The aforesaid determination by the Appellate Division of this Department in itself provides adequate reason why this court must decline to follow Mr. Justice Gelleb’s decision in Matter of City of New York (New Municipal Bldg.) (supra). Of even more import, however, is the later opinion rendered in October, 1967 by Judge Keating, writing for a majority of the Court of Appeals, in Matter of Port Auth. Trans-Hudson Corp. (Hudson Rapid Tubes Corp.) (20 N Y 2d 457). That case involved the condemnation of certain properties situated in New York and in New Jersey. Under review, in addition to the award itself, was the issue of the rate of interest thereon. Proof similar in character to that presented in the case at bar was received in the court below to establish the sharp increase in interest rates. Nevertheless, the Court of Appeals, had this to say (p. 473): “ We turn now to the award of interest. The *412 contention made by both condemnees regarding the unconstitutionality of the New York statute limiting the award of interest to 4% was made and rejected in Matter of City of New York (Fifth Ave. Coach Lines) (supra, cert. den. on this particular issue 386 U. S. 778). No substantial reason has been suggested requiring a different result in the case at bar. ’ ’
Unfortunately, Mr. Justice (teller made no allusion in his decision to the foregoing Port Auth. case. It was, however, considered by Mr. Justice Hogan (Sup. Ct., Nassau County) who, in October 1968, in Matter of Town of Hempstead (Lido Beach) (58 Mise 2d 134) directed payment of 6% interest on a condemnation award, on the authority of Mr. Justice (teller’s decision in the City of Neto York case. Mr. Justice Hogan expressed the opinion that the Port Auth. case was distinguishable because it dealt with a comparison of interest rates in two sovereign States, whereas the case before him treated with inconsistent provisions of law within the same State. Thus, he found the provisions of section 3-a of the General Municipal Law as it related to the rate of interest in condemnation matters to be unconstitutional. This court cannot agree. Very clearly, the Court of Appeals in the Port Auth. case upheld the 4% limitation as prescribed in section 3-a insofar as it pertained to the portion of the award for the taking of property in the State of New York. This is what concerns us here. To that extent the Port Auth. case is wholly relevant and must be held to be controlling on the interest issue presented to this court.
The remaining objection of claimant Grace pertaining to an apportionment among the interested parties of the award made for Parcels 101A and 101B has been disposed of by stipulation. The terms thereof shall be reflected in the final decree.
Except as modified by this decision, the objections filed by claimants above named are overruled and the tentative decree, as so modified, is confirmed.