Howard T. Hogan, J.
This is a proceeding in eminent domain instituted by the Incorporated Village of Hempstead for and on behalf of the Incorporated Village of Hempstead Urban Renewal Agency.
The title vested in the village on June 1, 1966. The trial was had on February 25, 1969.
After hearing the evidence and considering the exhibits, and the statutory view of the property having been had, the court makes the following awards:
DAMAGE PARCEL REPUTED OWNER AWARD
7-1 Sam and Rose Kahan $ 42,500.00 AA
Jerry and Edith Jernow
9-1 Albert Land,
Alexander and Alma Lang $102,000.00 AA
In this proceeding in eminent domain the claimant has moved for interest at the rate of 6%, as has been previously awarded by this court in Matter of Town of Hempstead (Lido Beach) (58 Misc 2d 134) and subsequent cases.
It appears however that the Appellate Division, Second Department, has adhered to an award of 4% interest in a case subsequent to this court’s decision in the Lido Beach matter. In the case of Matter of Town of Huntington (Crab Meadow) (31 A D 2d 759) the Appellate Division, Second Department, “ affirmed insofar as appealed from by the several appellants, upon the opinions of the learned Trial Justice.”. The record on appeal in that case contains two opinions of Special Term, Suffolk County, which total 139 printed pages, the last page and a quarter of which is devoted to the question of interest. Notwithstanding the fact that claimant was paying 12% interest *548 on a mortgage, the trial court was constrained to award 4% interest.
Between the time of the trial court’s decision in the Crab Meadow case and the decision on its appeal, the late Mr. Justice Geller held in Matter of City of New York (New Municipal Bldg.) (57 Misc 2d 156 [June 4, 1968]), and this court held in Lido Beach (supra) that 6% was the rate of interest that applied to all municipalities subsequent to August 1, 1966, when the rate paid by the State went to 6% by statute. This was followed by Mr. Justice Arthur Markewich in Matter of City of New York (Bruckner Blvd.) (N. Y. L. J., Dec. 27, 1968, p. 17, col. 4).
The New Municipal Building decision and the Lido Beach decision were cited and discussed in the briefs presented to the court on the appeal in the Crab Meadow case (supra). Since that case has now been affirmed on the basis of the opinion below, the holding of this court in Lido Beach has been rejected.
The New Municipal Building case, however, has been affirmed by the Appellate Division, First Department (32 A D 2d 530) and the court expressly adopted the reasoning of the late Mr. Justice (teller. See also that court’s affirmance in Matter of City of New York (Manhattan Civic Center Area) (32 A D 2d 530, 531).
This court is now placed in the rather anomalous situation of having its conclusions adopted by the wrong department.
It is the opinion of this court that the statutes calling for payment of 6% interest by only some condemnors are a violation of the equal protection provisions of the Constitution. The individual whose property is taken against his will should not have his compensation depend upon what municipality exercises the right of eminent domain. The situation becomes even more ludicrous now that his right to compensation depends upon the judicial department in which his property is located.
The courts, particularly in condemnation proceedings, cannot be detached from the realities of the market place. Even with the prime interest rate at 7%%, banks are charging fees to purchasers and extracting “ points ” for the institution’s consideration in placing mortgages which return up to 8 to 10% and more in interest. The situation is most distasteful but one which cannot be ignored when evaluating the constitutionality of a statutory rate of interest. While even 6% might be low in today’s circumstances, the court is of the opinion that 4% is clearly inadequate and, when compared with a State rate of 6%, is tantamount to a denial of both just compensation and equal protection.
*549 It is naturally hoped that the Court of Appeals will be promptly presented with this existing dichotomy of results and will resolve the question.
In the meantime, however, this court is bound by the apparent holding of the Crab Meadow case (supra), and, accordingly, is constrained to deny this application.