■  In the Matter of the INCORPORATED VILLAGE OF HEMPSTEAD, on Behalf of the Incorporated Village of Hempstead Urban Renewal Agency, Appellant, Relative to Acquiring Title to Real Property on Property Map, Hempstead Centre, Urban Renewal Area, the Village of Hempstead. Y. M. C. A. OF NASSAU AND SUFFOLK COUNTIES, INC., Respondent.— In a condemnation proceeding, the appeal is from so much of the final partial decree of the Supreme Court, Nassau County, dated April 7, 1969, as determined the amount of the award for damage parcel 4-18 at $111,800, with per annum interest rates as follows: 4% from June 1, 1966 to August 1, 1966 and 6% thereafter until payment. Final partial decree modified, on the law, so as to provide therein that interest on the principal amount of the award for parcel 4-18 shall be at the rate of 4% per annum from June 1, 1966 to July 24, 1969 and at the rate of 6% per annum from July 25, 1969 to the date of payment. As so modified, final partial decree affirmed insofar as appealed from, without costs. The ground of the appeal is principally that the trial court improperly made its award on the basis that there was a reasonable probability that the damage parcel would have been rezoned from residential to business use. On this issue we agree with the trial court, because there was proof that at least one prior application for a change of zone of comparable property had succeeded; that the neighborhood, and particularly the block on which the damage parcel was located, bearing in mind the neighborhood's character and development, was predominately devoted to business uses; and that the Renewal Agency Map, filed more than two years prior to the vesting date herein, designated this precise damage parcel for business use. The evidence as a whole, including those enumerated factors, satisfies the criteria of *Matter of City of New York [Shorefront High School-Rudnick]* (25 N Y 2d 146) and *Masten v. State of New York* (11 A D 2d 370, affd. 9 N Y 2d 796) so as to require the conclusion that there was a reasonable probability that a zoning change from residential to business for this damage parcel would have been forthcoming upon proper application. However, we must modify the decree with respect to the rates of interest allocated to the principal award. Subdivision 2 of section 3-a of the General Municipal Law formerly established a maximum rate of interest of 4% per annum on condemnation awards. A number of differing decisions of the courts have developed over the last year or two, some challenging and some supporting the statutory maximum. The conflict arose out of the upward fluctuation of the interest rates in the market place and world of finance. (See *Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.]*, 20 N Y 2d 457; *Matter of City of New York [New Municipal Bldg.]*, 57 Misc 2d 156, affd. 32 A D 2d 530; *Matter of Huntington [Crab Meadow]*, 31 A D 2d 759, affirming upon the unreported opinions at Trial Term; *Matter of Town Bd. of Town of Brookhaven*, 46 Misc 2d 621, affd. 25 A D 2d 951; *Matter of Incorporated Vil. of Hempstead*, 59 Misc 2d 547; *Matter of County of Suffolk, [Peconic Riv.]*, 58 Misc 2d 409; *Matter of Town of Hempstead, [Lido Beach]*, 58 Misc 2d 134.) The wisdom of our patience in deferring to the Legislature to act with respect to this subject, rather than abiding by different courts' choosing differing rates and different periods of time when such rates shall apply, proved correct, because the Legislature on May 26, 1969 enacted into law a significant change in the above-cited statute (General Municipal Law; § 3-a, subd. 2) — the 4% maximum was changed to 6%. The effective date of the change was fixed at the 60th day after enactment, i.e., on July 25, 1969 (L. 1969, ch. 1102). Thus, orderliness and fairness prevailed and we must, in accordance with the principles set forth in *People ex rel. Emigrant Ind. Sav. Bank v. Sexton* (284 N. Y. 57), modify

the decree so as to provide for interest on the award at the rate of 4% from the vesting date to July 24, 1969 and at the rate of 6% from July 25, 1969 to the date of payment. Beldock, P. J., Christ, Rabin, Hopkins and Brennan, JJ., concur.