■ JACOB A. THOMAS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 51503.) — Appeal from an order of the Court of Claims which denied the appellant's motion for an order permitting it to amend its appraisal report. The amendment concerns a subsequent private sale of the remaining property after appropriation of a portion of the frontage for highway purposes. The State's expert in his original appraisal had found no consequential damages to the remainder, valuing it at $42,000. Subsequent to filing of the State appraisal, part of this land was sold to Sunoco Oil Co. for a gas station for a price of $55,000. It is this after sale the State seeks to include in its appraisal, so as to show an after value of $86,000. The property was appropriated in October, 1967, the State filed its appraisal July 21, 1970 and the after sale occurred September 4, 1970. The claimants filed their appraisal December 21, 1970 and the State moved to amend within 60 days of the exchange of appraisals. Rule 25-a of the Rules of the Court of Claims (22 NYCRR 1200.27 [c]) permits the court in its discretion to order amendments or supplements to appraisals for the purpose of correcting errors or adding pertinent matter. We have directed the trial courts to exercise their discretion strictly to implement the underlying purposes of the rules with respect to late filing of appraisals. (*Leider* v. *State of New York*, 36 A D 2d 788.) There was no abuse of discretion here. The original appraisal found no consequential damages and this after sale can only re-enforce that decision. Evidence of the sale, although not a part of the appraisal, will be admissible in any event under section 16 of the Court of Claims Act. Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.