◼     LOUIS PERGAMENT et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49152.) — Cross appeals from a judgment in favor of claimants, entered February 17, 1971, upon a decision of the Court of Claims. Claimants owned and operated several discount stores on Long Island. In 1964 they began to purchase land in the Town of Smithtown, Suffolk County, and by April, 1965 had accumulated an assemblage of approximately 10.918 acres as the site for a proposed 93,000 square foot retail discount store. On July 20, 1967 the State appropriated 3.973 acres of claimants' land for possible enlargement of the Hauppage-Port Jefferson Highway, a major east-west highway upon which claimants' land fronted. Claimants were left with approximately 7 acres upon which to build but, due to zoning and parking requirements, the size of the proposed store was required to be reduced to 52,000 square feet. In the Court of Claims, claimants' appraiser found total damages of $558,000, calculated on the basis of a before taking value of $60,000 per acre and an after value of $40,000. In addition to direct damages, claimants also sought $188,000 for lost entrepreneurial profits, under the theory that their reputation for operating successful discount stores guaranteed income at the rate of $2.10 per square foot of floor space and they should therefore be permitted to capitalize the income anticipated from the lost floor space and treat that as an item of damages. The State's appraiser found a before and after value of $45,500 per acre, and fixed total damages at $181,000. Both appraisers used the market data approach. In its decision, the Court of Claims found that claimants had suffered consequential damages to the extent of $52,000 and direct damages of $220,000, 6% interest being granted on the award of $272,500 from July 20, 1967. The State contends that the testimony of claimants' appraiser was devoid of probative value and that the award must be set aside as not within the range of testimony. As long as there is adequate information in the record before the trial court to enable the court to fix damages the award is proper. Although the oral testimony of the appraiser was devoid of sufficient value, his written report, received in evidence and even spread upon the record, provided an adequate basis of testimony to create a range of testimony. (See *Parisi* v. *State of New York,* 62 Misc 2d 378, 382.) Claimants contend that the trial court erred in refusing to make an award of damages based upon their entrepreneurial profits theory. While prospective lost rental income may be considered in fixing damages even where raw land is taken (*Levin* v. *State*

*of New York*, 13 N Y 2d 87), it is impermissible to treat evidence of prospective income as if it represented an actual income flow (*Arlen of Nanuet* v. *State of New York*, 26 N Y 2d 346, 352) and error was not committed in this respect. Nor was there error, as claimants contend, in allowing 6% interest on the award, the rate to be paid by the State being limited to a maximum of said percentage by section 16 of the State Finance Law. While claimants argue that "just compensation", pursuant to the Fifth Amendment of the Federal Constitution and section 7 of article I of the New York State Constitution, requires interest on judgments to be set at the legal rate, which rate is set pursuant to section 5–501 of the General Obligations Law and section 14 (subd. 1, par. [a]) of the Banking Law, we disagree. While condemnees are guaranteed just compensation under the State and Federal Constitutions the rate of interest paid by the State on judgments against it is a proper subject for legislation (see, e.g., State Finance Law, § 16; General Municipal Law, § 3-a). There is no constitutional requirement that the statutory rate of interest on such judgments be equal to the legal rate (*Matter of the City of New York* [*Lincoln Sq. Slum Clearance Project*], 22 Misc 2d 609, 611, affd. 15 A D 2d 153, affd. 12 N Y 2d 1086, affd. 16 N Y 2d 497, mot. for rearg. den. 16 N Y 2d 828). Claimants failed to support with evidence their contention that a 6% rate of interest is so unreasonably low that they are deprived of just compensation (*Matter of the City of New York* [*Bronx River Parkway*], 259 App. Div. 552, 556, affd. 284 N. Y. 48, 55, amd. 284 N. Y. 701, affd. 313 U. S. 540; cf. *Matter of the City of New York* [*Manhattan Civic Center Area*], 57 Misc 2d 156, affd. 32 A D 2d 530, affd. 27 N Y 2d 518). Judgment affirmed, without costs. Staley, Jr., J. P. Cooke, Sweeney, Simons and Kane, JJ., concur.