OPINION OF THE COURT
Jeremiah J. Moriarty, J.
On June 2,1980, pursuant to the EDPL and section 30 of the Highway Law, the State of New York appropriated a portion of claimant’s real property, located in the Town of Amherst, Erie County. Upon the trial of the claim based upon the appropriation, claimant raised the issue of the proper prejudgment interest rate to be applied to the award made herein. It is claimant’s position that the 6% statutory rate, pursuant to section 16 of the State Finance Law, is so unconscionably low that it does not afford the claimant “just compensation”. Although we have found no authority on this issue in recent Court of Claims litigation, when timely raised, this is a proper question for judicial inquiry.
The Constitutions of both the United States and the State of New York mandate that no private property may be taken for a public purpose without just compensation to the owner (US Const, 5th, 14th Arndts; NY Const, art I, §7).
Just compensation necessarily includes not only the full value of the property taken, but also interest on that *473 amount throughout the period between the taking and final payment, for the owner has been deprived of all beneficial use of the property and its dollar equivalent until full payment is received (Matter of City of New York [Bronx Riv. Parkway], 284 NY 48, affd sub nom. A. F. & G. Realty Corp. v City of New York, 313 US 540). “The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and includes all elements, ‘and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.’ The owner is not limited to the value of the property at the time of the taking; ‘he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.’ ” (Jacobs v United States, 290 US 13, 16-17.)
The Legislature of the State of New York has provided by statute that “The rate of interest to be paid by the state upon any judgment or accrued claim against the state shall not exceed six per centum per annum.” (State Finance Law, § 16.) By section 3 of chapter 681 of the Laws of 1982, this section was amended to increase the interest rate to 9%, effective April 1, 1983. This statutory rate is applicable to claims arising from the appropriation of real property. However, it has been held that “It is obvious that the owner’s right to just compensation cannot be made to depend upon state statutory provisions” (Seaboard Air Line Ry. Co. v United States, 261 US 299, 306), and “The legislature may determine what private property is needed for public purposes — that is a question of a political and legislative character; but when the taking has been ordered, then the question of compensation is judicial. It does not rest with the public, taking the property, through congress or the legislature, its representative, to say what compensation shall be paid, or even what shall be the rule of compensation. The Constitution has declared that just compensation shall be paid, and the ascertainment of that is a judicial inquiry.” (Monongahela Nav. Co. v United States, 148 US 312, 327.)
The courts have been confronted with the issue of what constitutes a fair interest rate in numerous reported decisions. The Court of Appeals ruled, in City of Buffalo v *474 Clement Co. (28 NY2d 241, mot for rearg den 29 NY2d 640), that the statutory interest rate is presumptively valid, and in the absence of proof to establish that some other rate must be applied to provide the claimant with just compensation, the statutory rate is prima facie evidence of the proper measure of interest and will be deemed to satisfy the constitutional requirements. (See, also, Matter of City of New York [Lincoln Sq. Slum Clearance Project], 15 AD2d 153, affd 16 NY2d 497.)
While many courts at the trial and appellate level have adhered to the applicable statutory rates (Troy Urban Renewal Agency v Union Nat. Bank of Troy, 90 Misc 2d 240; Colonie Hill v Boncore, 87 AD2d 581; Matter of Incorporated Vil. of Hempstead [Y.M.C.A. of Nassau & Suffolk Counties], 33 AD2d 1036; Pergament v State of New York, 39 AD2d 781; Matter of City of New York [Washington Hgts. — Highbridge Park Community Dev. Area], 82 Misc 2d 557, affd 56 AD2d 513, mot for lv to app den 41 NY2d 806; Matter of County of Nassau [Eveandra Enterprises], 51 AD2d 722, affd 42 NY2d 849, app dsmd 434 US 804), others have found the claimant’s proof sufficient to overcome the presumption. (Matter of South Bronx Neighborhood Dev. Plan, 110 Misc 2d 571; City of Buffalo v Clement Co., supra; Matter of City of New York [Manhattan Civic Center Area], 57 Misc 2d 156, affd 32 AD2d 530, affd 27 NY2d 518; City of Ithaca v Ray, 35 AD2d 625.)
A compelling basis for invalidating a statutory rate was found to exist from August 1, 1966 through July 25, 1969, when the rates established by section 3-a of the General Municipal Law and section 16 of the State Finance Law differed. By chapter 921 of the Laws of 1966, the State Finance Law was amended to provide interest at a rate of 6% per annum, effective August 1,1966, for claims arising from an appropriation by the State of New York, while the equivalent provisions (General Municipal Law, § 3-a) relating to condemnations by other governmental subdivisions remained at 4%, until finally amended in 1969 (L 1969, ch 1102). Many courts found that citizens were denied just compensation and equal protection of the laws when the General Municipal Law provided a lower rate of interest than that which the Legislature recognized to be *475 warranted. (City of Buffalo v Clement Co., supra; Matter of City of New York [Manhattan Civic Center Area], supra; City of Ithaca v Ray, supra.)
The argument has been advanced that the courts should defer to the Legislature for the determination of the applicable interest rates, in efforts to provide uniformity among the forums and litigants. (See, e.g., Matter of Incorporated Vil. of Hempstead [Y.M.C.A. of Nassau & Suffolk Counties], 33 AD2d 1036, supra.) However, it is this court’s conclusion that when the issue is properly raised and sufficient evidence is presented to overcome the presumptive validity of the statutory rate, the claimant should not be denied just compensation solely in the name of consistency.
Upon the trial of this claim, the parties stipulated that had the claimant called their financial economist, whose name and credentials are set forth in the signed stipulation, he would have testified regarding the interest rates prevailing in the money market for the period from the second quarter of 1980 to the first quarter of 1982, as set forth in claimant’s Exhibit No. 12. These rates ranged from a low of 7.96% for the average 20-year municipal bonds in the second quarter of 1980, to a high of 20% for the prime interest rate in the third quarter of 1981, consistently surpassing the statutory rate of 6% often two or threefold. We are cognizant of the fact that interest rates peaked during this period and have leveled off during recent months. We further take judicial notice that: by chapter 681 of the Laws of 1982, section 16 of the State Finance Law was amended to provide that the interest rate applicable to accrued claims against the State of New York shall be 9%, effective April 1, 1983; and that CPLR 5004 was amended to provide that the general interest rate on adjudicated claims “shall be at the rate of nine per centum per annum, except where otherwise provided by statute”, effective June 25, 1981 (L 1981, ch 258, § 1).
We find that the claimant has established that the statutory interest rate of 6% which would be applicable throughout the pendency of this claim (until April 1,1983), is insufficient to afford just compensation. We further find that the proof fails to overcome the prima facie evidence *476 that interest at the rate of 9% per annum would satisfy the constitutional commands. (Matter of South Bronx Neighborhood Dev. Plan, 110 Misc 2d 571, supra.) The 9% rate has been adopted by the Legislature; and we conclude that it would afford substantial justice both to the claimant, and the public which must bear the cost. (Matter of City of New York [Lincoln Sq. Slum Clearance Project], 15 AD2d 153, 179, affd 16 NY2d 497, supra; Matter of City of New York [Manhattan Civic Center Area], 57 Misc 2d 156, affd 32 AD2d 530, affd 27 NY2d 518, supra.) The claimant is entitled to 9% interest on the award based upon this claim, through the period from June 2, 1980 to the entry of judgment herein.