■ YONKERS RACING CORPORATION, Respondent, v STATE OF

NEW YORK et al., Appellants.—In an action for a judgment declaring unconstitutional a certain tax imposed upon the plaintiff the Yonkers Racing Corporation (hereinafter Yonkers) by the defendant, New York State Racing and Wagering Board (hereinafter the board), and permanently enjoining the board from imposing the tax, the defendants appeal from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated July 8, 1986, which, upon granting the plaintiff's motion for summary judgment, declared unconstitutional the imposition of the tax upon Yonkers by the board, and which permanently enjoined further imposition of the tax upon the plaintiff by the defendants.

Ordered that the judgment is affirmed, with costs.

Yonkers is a corporation licensed by New York State and the board to conduct harness racing with pari-mutuel betting at Yonker's Racetrack. In 1982 Yonkers entered into a contract with the State of Connecticut which authorized the live simulcast of races conducted at Yonkers Racetrack to Connecticut off-track betting facilities in exchange for a fee to be paid by Connecticut to Yonkers. As required by Racing, Pari-Mutuel Wagering and Breeding Law § 528 (3), Yonkers submitted the contract to the board for its approval. The board granted the approval on the condition that Yonkers pay a tax to New York State on the commissions received from Connecticut. Yonkers accepted this condition and paid that tax to the New York State Department of Taxation and Finance. However, each payment was tendered under protest accompanied by a letter stating that Yonkers believed the tax to be invalid. Thereafter, Yonkers commenced this action seeking to have the tax declared unconstitutional. The court found that the board lacked the constitutional authority to impose the tax. We agree.

The power to tax is vested exclusively in the Legislature, which power may not be delegated to an administrative agency (NY Const, art III, § 1; *Matter of United States Steel Corp. v Gerosa*, 7 NY2d 454; *Gautier v Ditmar*, 204 NY 20; *Matter of Rego Props. v Finance Adm'r of City of N. Y.*, 102 Misc 2d 641). Only after the Legislature has, by clear statutory mandate, levied a tax on a particular activity, and has set the rate of that tax, may it delegate the power to assess and collect the tax to an agency. Further, this delegation must be accompanied by proper guidelines set by the Legislature *(see, Gautier v Ditmar, supra; Lang v Cohalan, 127 AD2d 17)*.

A review of the Racing, Pari-Mutuel Wagering and Breeding

Law, under which the defendants assert the authority to impose a tax on the plaintiff's activity, leads us to the conclusion that the board lacked the power to impose the tax and by so doing has unconstitutionally usurped a legislative function. The Racing, Pari-Mutuel Wagering and Breeding Law authorizes the imposition of a tax upon Yonkers on commissions received for the simulcasting of harness races to Connecticut off-track betting facilities (Racing, Pari-Mutuel Wagering and Breeding Law § 318 [4]). However, nowhere in the statute is an appropriate tax rate set out. The board was thus without authority to conclude that the appropriate rate was that set forth under the statute for commissions received for wagers made in New York on races conducted at out-of-State tracks (Racing, Pari-Mutuel Wagering and Breeding Law § 527), as this is clearly not the type of activity for which Yonkers is sought to be taxed.

It is settled law that a tax statute may not be extended by implication beyond the clear import of the language used. Further, the statute is to be construed most strongly against the government and in favor of the taxpayer (*Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors,* 2 NY2d 500, *rearg denied* 2 NY2d 1012, *cert denied* 355 US 814, *reh denied* 355 US 885; *see, Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, *affd* 38 NY2d 883).

Thus, as the Legislature has failed to set an appropriate rate at which to tax Yonkers' present activity, the board lacked the authority to impose the tax. Accordingly, the court properly enjoined further imposition of the tax upon the plaintiff by the defendants.

In light of our disposition of this action, we decline to pass upon plaintiff's contentions that Racing, Pari-Mutuel Wagering and Breeding Law § 318 (4) is violative of the Commerce Clause of the US Constitution and is preempted by Federal law. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.