■ YONKERS RACING CORPORATION, Respondent, v STATE OF NEW YORK, Appellant.—In a claim for refund of certain tax payments made by the claimant, the State of New York appeals, as limited by its notice of appeal and brief, from (1) an order of the Court of Claims (Lengyel, J.), dated September 15, 1988, which, *inter alia,* granted, in part, the claimant's motion for summary judgment for interest on payments made under protest by it to the defendant, and (2) so much of a judgment of the same court, dated October 26, 1988, as (a) awarded interest at 9% for payments made under protest by the claimant between September 9, 1982, and April 1, 1983, and (b) awarded interest at 9%, without suspension, on all payments made under protest by the claimant after August 31, 1984, based upon a claim filed on August 31, 1984.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the provisions relating to the payment of interest are deleted, and the matter is remitted to the Court of Claims for the recomputation of interest in accordance herewith, and the entry of an appropriate amended judgment; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the claim *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

This appeal arises from the latest in a series of proceedings concerning a tax imposed by the defendant State of New York on payments the claimant, Yonkers Racing Corporation (hereinafter YRC), received in exchange for the authorization of live simulcasts of races conducted at Yonkers Raceway to off-track betting facilities in Connecticut. In that regard, this court has already affirmed an order of the Supreme Court, Westchester County, which permanently enjoined further imposition of the tax after determining that the State Racing and Wagering Board lacked the constitutional authority to impose the tax *(see, Yonkers Racing Corp. v State of New York,* 131 AD2d 565).

Thereafter, the Court of Claims rendered successive judgments in favor of YRC, the first with respect to the refund of all principal payments (which the defendant did not appeal) and the second, the subject of this appeal, with respect to the proper amount of interest to be paid by the defendant on the principal award.

We agree with the defendant's contention that interest on the payments made by YRC up to April 1, 1983, should have been computed at 6% pursuant to State Finance Law former § 16 (L 1940, ch 593, as amended by L 1971, ch 874, § 1). Contrary to the holding by the Court of Claims, the defendant was not collaterally estopped from asserting that the proper interest rate was 6%, rather than 9%, because of its failure to appeal the decision rendered in *Marine Midland Bank v State of New York* (118 Misc 2d 472). That case dealt with the

proper rate of interest owed by the defendant for the 1980 appropriation of certain real property. Since that issue is not identical to the one raised herein, *Marine Midland Bank v State of New York (supra)* is not binding in this matter.

We also agree with the defendant's further contention that the Court of Claims erred in determining that the claim which YRC filed on or about August 31, 1984, was sufficient to establish a claim for repayment for in futuro "tax" payments made under protest for the period after August 31, 1984, with appropriate interest.

Court of Claims Act § 19 (1) provides: "If a claim which bears interest, is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim."

Further, the sufficiency of a claim is governed by Court of Claims Act § 11, which provides, in pertinent part, that: "The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed."

It is clear that the claim filed on or about August 31, 1984, by YRC could not and did not constitute an effective claim in futuro because it failed to set forth, *inter alia,* the time at which subsequent claims would arise and the total sum of each of those claims. Therefore, the claim for in futuro payments is subject to the "suspension of interest" provision of Court of Claims Act § 19 (1).

Accordingly, the matter is remitted to the Court of Claims for the recomputation of interest in accordance with this decision and the entry of an appropriate amended judgment. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.