OPINION OF THE COURT
Francis T. Collins, J.
Claimant’s motion for an order striking the defendant’s amended/supplemental appraisal filed on November 20, 2000 and the amended/supplemental geological report of Essex Engineering Science and Subsurface Exploration, P. C. (Essex) filed November 20, 2000 on the grounds that the appraisal and expert report were untimely filed pursuant to 22 NYCRR 206.21 (e) and (f) and upon the further ground that the amended appraisal report was based upon comparable sales information contained in claimant’s appraisal filed September 15, 2000, thereby engendering prejudice to claimant, is denied.
This is a claim to recover $2,000,000 in direct damages and $1,300,000 in consequential damages resulting from the Department of Transportation’s appropriation of approximately 20 acres of a stone quarry owned by the claimant and located on Farmer’s Inn Road in the Town of Hoosick, New York, as part of the construction of the New York portion of the Bennington Bypass.
The claim was filed on September 28, 1998. Pursuant to 22 NYCRR 206.21 (b) the parties had six months from the filing of the claim (i.e., until Mar. 28, 1999) to file appraisals and other expert reports. Prior to the expiration of that time period, the defendant requested an additional six-month extension of the filing deadline. The Court, by letter dated March 1, 1999, granted an extension until September 28, 1999. The Court thereafter executed two orders filed July 20, 1999 and March 10, 2000 based upon separate stipulations of the parties extending the filing dates to March 24, 2000 and June 24, 2000, respectively. A motion by the defendant seeking yet another extension was granted by decision and order filed August 23, 2000. That motion, which was unopposed, extended the filing *305 deadline to September 15, 2000. A subsequent telephonic request by the defendant for additional time to file the State’s appraisal and other expert reports was denied.
Both parties filed appraisals and reports by the September 15, 2000 deadline and the Clerk of the Court accomplished an exchange of the documents pursuant to 22 NYCRR 206.21 (d) on September 18, 2000. Defendant’s attorney claims that he was hard pressed to meet the September 15, 2000 filing date due to his position as co-counsel on a difficult and lengthy Indian land claim case being tried in the United States District Court for the Northern District of New York. He alleged, that in his absence from the office, certain discovery items received from claimant’s attorneys were inadvertently filed away rather than being distributed to the State’s experts and that some demanded discovery items were not received until two days prior to September 15, 2000. Upon the Court’s refusal to allow yet another extension of the filing date, the State filed a “project appraisal” and a preliminary version of its geological report. Counsel alleges that the project appraisal, prepared pursuant to Eminent Domain Procedure Law § 303 prior to the State’s taking of the property, utilized an incorrect valuation date of December 19, 1997 which pre-dated the appropriation date of July 22, 1998 by approximately seven months. It is further alleged that the filed appraisal did not consider the information garnered through discovery, including the deposition of claimant’s principal which was held on July 29, 2000. The State contends that the project appraisal and the preliminary expert report were filed in order to meet the Court-imposed filing deadline and it was the State’s intention to amend or supplement them rather than to rely upon the original documents at trial. Counsel alleges that he advised claimant’s attorney of the State’s intentions in this regard and assured him that every effort would be made to prevent the State’s experts from reviewing the claimant’s reports prior to the preparation of the State’s amended or supplemental reports.
The defendant’s attorney underwent hip replacement surgery on September 28, 2000. During Ms convalescence he was contacted at home by an associate attorney in the Attorney General’s Real Property Bureau regarding the disclosure to the State’s appraiser of certain information contained in the claimant’s appraisal filed on September 15, 2000. Counsel alleges that he instructed the associate attorney to only release redacted copies of the claimant’s raw sales data. He further alleges that the data on New York State sales, wMch is required *306 to be riled, pursuant to Real Property Tax Law § 33 (1-e),[1] was and is public information which was otherwise obtainable by defendant’s experts. Counsel asserts and the affidavits of Donald E. Shehigian, James L. Wood and George F; Silver corroborate his allegation that no part of the claimant’s appraisal or expert report other than the raw sales data relating to the claimant’s comparable sales was disclosed to the State’s expert prior to the preparation of the amendments which are the subject of this motion, including the experts’ comments and adjustments.
Claimant alleges on this motion that the amended appraisal of George F. Silver and the Essex supplemental geological report, both of which were filed on November 20, 2000, were untimely in that the filings did not occur within two months of the date on which the Clerk of the Court exchanged the appraisals and reports (i.e., Sept. 18, 2000). Defendant countered this argument by pointing out that November 18, 2000 was a Saturday and that, pursuant to General Construction Law § 25-a, the filing deadline for amended or supplemental appraisals and reports measured from the Court Clerk’s September 18, 2000 exchange date was extended to the next business day, which was Monday, November 20, 2000, and that, accordingly, the filings on that date were timely made.
Claimant also argues that the Essex report, dated October 11, 2000, was a rebuttal report to claimant’s geological report and that pursuant to 22 NYCRR 206.21 (f) defendant was required to file the report within one month of the filing of claimant’s geological report on September 15, 2000. Defendant contends that the Essex report, dated October 11, 2000, was an amended and supplemental report subject to the two-month filing rule measured from the exchange of the initial appraisals and reports by the Court Clerk on September 18, 2000.
Subdivisions (e) and (f) of section 206.21 provide:
“(e) Amendments and supplements. If a party intends at trial to offer proof correcting errors in or adding pertinent matter to an appraisal or other expert report, an amendment or supplement thereto shall be filed within two months after the exchange of appraisals and reports. The clerk shall send copies to all other parties.
“(f) Rebuttal reports. If a party intends at trial to offer expert evidence in rebuttal to any report, or *307 amendment or supplement thereto, an expert report shall be filed within one month after receipt of the document sought to be rebutted. The clerk shall send a copy to all other parties.”
Upon review of the expert reports submitted by the parties, including the amended Essex report dated October 11, 2000, the Court concludes that the amended and/or supplemental geological report filed by the defendant on November 20, 2000 is not a rebuttal report subject to the one-month filing requirement contained in 22 NYCRR 206.21 (f) but, rather, is in the nature of an amended or supplemental report required to be filed within two months following the exchange of documents by the Clerk pursuant to 22 NYCRR 206.21 (e).
No reported cases have been discovered which address the second issue raised by this motion. The most recent decisions upon which the claimant relies on this motion involved either defendants other than the State of New York or the application of court rules dissimilar to 22 NYCRR 206.21 or are cases decided in the Court of Claims under former Rules of Practice rule 25a (22 NYCRR former 1200.27) as adopted in 1966 or amended in 1970. The amendment to the Uniform Rules for the Court of Claims, effective July 1, 1979 and now found in 22 NYCRR 206.21, established a party’s right to file amendments and supplements to an appraisal or other expert report “[i]f a party intends at trial to offer proof correcting errors in or adding pertinent matter to an appraisal or other expert report” (22 NYCRR 206.21 [e]). Under the current rule, the only condition attached to the exercise of the right is that the amendment or supplement must be filed within two months following the exchange of the appraisals or reports by the Clerk. The Court has already determined that the State’s filings in this regard were timely made. Under the old rules a party wishing to amend or supplement a filed and exchanged appraisal was required to make a motion addressed to the court’s discretion for permission to file and serve an amended or supplemental appraisal.[2] No such motion is required under the new rule nor does the rule provide a penalty for a violation such as that sought by the claimant on this motion.
The admitted release of statistical information pertaining to the claimant’s comparable sales does not, as argued by the claimant, compel the Court to strike the State’s subsequently *308 filed amended appraisal and geological reports as prejudicial or grossly unfair. The information imparted to George F. Silver by Associate Attorney Shehigian, which consisted solely of raw sales data, was allegedly available from sources other than the claimant’s appraisal. In fact, Mr. Silver states in his affidavit submitted in opposition to the motion that he was aware of the three comparable sales independently of the information provided by Mr. Shehigian and confirmed the statement contained in Shehigian’s affidavit that he received only raw sales data concerning the comparable sales with all opinions, comments and conclusions contained in the claimant’s appraisal and relating thereto deleted. The claimant does not suggest that information other than that described by both Shehigian and Silver was released. Under the circumstances presented, including the assertion by Mr. Silver that two of the comparable sales utilized in the amended appraisal had not occurred at the time the original appraisal was prepared and that information concerning the third such sale was unavailable at the time he concluded the investigation attendant to preparation of the original appraisal, the Court is not persuaded that any undue advantage was obtained.
Finally, it does not appear that the defendant’s inclusion in its amended appraisal of three of the four comparable sales contained in claimant’s appraisal is violative of subdivision (e) of section 206.21, which permits the filing of additional “pertinent matter.” In fact, it appears to the Court that as currently constituted section 206.21 of the Uniform Rules is structured in such a manner as to contemplate that a party will possess his or her opposition’s appraisal and expert report throughout the period during which he or she is preparing any amended or supplemental document for filing, as of right, within two months of the date the original appraisals or reports are exchanged by the Clerk. Given this circumstance, as well as the absence of any procedural or substantive impediment in the language of section 206.21, the Court can discern no reasonable basis for affording the drastic relief of striking the defendant’s amended appraisal and expert report as requested by the claimant.
The Court by this motion has, however, been made aware of the fact that the defendant’s amended appraisal contains a significant increase in the overall before value of the subject property from $750,000 in the project appraisal to $3,640,000 in the amended appraisal. Claimant also points out that, despite the 385% rise in the before-taking value contained in the defen *309 dant’s amended appraisal, the defendant’s damage estimate increased by a mere 35%. While these differences are dramatic, they are merely elements of proof to be offered to the Court, which bear the responsibility of determining just compensation for the taking based upon the evidence in the record (Pergament v State of New York, 39 AD2d 781).
With the benefit of hindsight, the Court in this instance might have granted yet another adjournment of the appraisal filing date or might have suggested that the parties stipulate to an order directing the Court Clerk to abstain from exchanging the initial reports pending receipt of the State’s anticipated amended appraisal, thereby obviating the possible use of the other party’s data. Neither of these events, of course, occurred and this motion resulted from the filing of the State’s amended appraisal and expert report and the citation of three of the same comparable sales. Determination of just compensation for the taking will be made at trial upon all the evidence there produced. Upon the trial of this matter the Court will have the advantage of considering not only a single comparable sale but rather multiple shared comparable sales in “reconciling otherwise divergent valuations” (Matter of Village of Johnson City, 215 AD2d 917, 918).

. The correct citation is Real Property Law § 333 (1-e).

. Prior editions of rule 25a were silent as to expert reports and their amendment or supplementation.