OPINION OF THE COURT
Diane L. Fitzpatrick, J.
Claimant has moved to strike defendant’s “rebuttal” report filed on November 23, 2001 on the grounds that the State is “attempting to thwart the appraisal rule by styling a report as *178 ‘rebuttal’ that it could have and should have included in its original appraisal.” (Rosenbloom affidavit ¶ 17.) The State has cross-moved for an order suspending interest on the judgment due to claimant’s wilful failure to disclose relevant material. Oral argument on the motions was heard by the court on April 29, 2002.
These motions arise in the context of an eminent domain proceeding which claimant filed in the Court of Claims Clerk’s office on April 4, 2000. On September 28, 2000, prior to the date the parties’ appraisal reports were due pursuant to Uniform Rules for Court of Claims (22 NYCRR) § 206.21 (b), the State requested and was granted a six-month extension of time to file its appraisal report. On April 16, 2001, before that extension expired the defendant, with claimant’s consent, requested another six-month extension which the court “so ordered” giving the parties until October 19, 2001 to file appraisals. Claimant filed its appraisal on October 17, 2001, the State filed its report on October 19, 2001, and on October 24, 2001, pursuant to 22 NYCRR 206.21 (d), the appraisals were exchanged. The State received claimant’s appraisal on October 25, 2001. On November 21, 2001, claimant mailed its note of issue and certificate of readiness to the court clerk for filing. On November 23, 2001, the State filed its described “rebuttal report” dated July 10, 2001 with the court clerk. Claimant received a copy on December 19, 2001.
The initial appraisal defendant filed, referred to as the Juliano report, was prepared by a licensed real estate appraiser and contains three methods of valuation: sales comparison, income capitalization and the cost method. Claimant’s appraisal also contains the same three valuation methods. The defendant’s described rebuttal report contains only a cost method appraisal prepared by an engineer.
Claimant disputes the fact that the appraisal filed on November 23, 2001 is a rebuttal report since it predates the parties’ original appraisal reports, relies on data which the State had in its possession prior to the filing of the original reports and fails to refer to the report it purportedly rebuts, namely, claimant’s cost method appraisal. Claimant perceives the State’s withholding of its described “rebuttal” report until after it reviewed claimant’s appraisal as an effort to circumvent the purpose of the court’s rules, obtain an unfair advantage and engage in gamesmanship.
The State, in opposition, maintains that because of the short period of time permitted to file rebuttal appraisal reports, it speculated on the types of valuation approaches claimant would use and had the report prepared as an anticipatory rebuttal. The State also argues that even if the court agrees with *179 claimant and finds that the report should have been provided with the initial appraisal report, the State is still authorized to file the report as an amended or supplemental report pursuant to 22 NYCRR 206.21 (e).
Subdivisions (e) and (f) of 22 NYCRR 206.21 provide:[1]
“(e) Amendments and Supplements. If a party intends at trial to offer proof correcting errors in or adding pertinent matter to an appraisal or other expert report, an amendment or supplement thereto shall be filed within two months after the exchange of appraisals and reports. The clerk shall send copies to all other parties.
“(f) Rebuttal Reports. If a party intends at trial to offer expert evidence in rebuttal to any report, or amendment or supplement thereto, an expert report shall be filed within one month after receipt of the document sought to be rebutted. The clerk shall send a copy to all other parties.”
Pursuant to these subdivisions, the only condition to filing an amended, supplemental or rebuttal report is the time frame within which it must be filed. Defendant’s subsequently filed appraisal report is timely whether it is deemed a rebuttal, a supplemental or amended report; a fact claimant acknowledges. Instead claimant maintains that substantively defendant’s subsequent appraisal is not a rebuttal, supplement or amendment but merely a second cost method appraisal, which is not permitted.
Despite claimant’s contention, this court does not find that the timing of the appraisal preparation is critical to the determination of whether it is a rebuttal to the opposing party’s previously filed appraisal report. After reviewing the documents, it appears to the court that the subsequently filed appraisal is an effort to counter the position set forth in claimant’s cost method appraisal report. Although defendant did have a cost method appraisal as part of its initial appraisal report, as claimant noted during oral argument, a real estate appraiser is not typically the appropriate professional to provide expert testimony on the cost method valuation because an appraiser typically lacks the necessary expertise on construction costs and methods. (Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie, 235 AD2d 660; Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Re *180 view, 195 AD2d 902.) The cost method appraisal defendant filed on November 23, 2001 was prepared by an engineer.
Moreover, Uniform Rules for Court of Claims (22 NYCRR) § 206.21 (e) and (f) contemplate that a party will have the opposition’s appraisal report during the period of time a rebuttal, supplement or amended report is prepared. (William E. Dailey, Inc. v State of New York, 188 Misc 2d 303.) Since the State’s appraisal filed on November 23, 2001 was prepared prior to the initial appraisals, the State did not take full advantage of the opportunity provided by the rules to utilize the information contained in claimant’s appraisal in presenting a rebuttal report. Thus the court is constrained to find how the State had an unfair advantage or engaged in gamesmanship by submitting a previously prepared appraisal as a rebuttal after seeing claimant’s appraisal.
Claimant relies on a number of cases to support its position that defendant’s appraisal filed November 23, 2001 should be stricken because although the Uniform Rules for the Court of Claims permit the free exchange of appraisals for the initial time frame, rigid standards are imposed for filing additional reports. Those cases either involve decisions based upon the former version of section 206.21 of the Uniform Rules for the Court of Claims[2] which required a motion seeking permission for a subsequent appraisal report to be filed or extensions granted (Thomas v State of New York, 37 AD2d 1030; Fiesinger v State of New York, 88 Misc 2d 557; Reda v State of New York, 62 Misc 2d 244) or involve situations where a party sought to file a subsequent report untimely. (Dufel v State of New York, N.Y. State Thruway Auth., 187 AD2d 792; Matter of Xerox Corp. v Ross, 71 AD2d 84, lv denied 49 NY2d 702.) The current rules as quoted above do not impose any condition on filing a rebuttal, supplemental or amended report other than timeliness (compare, Dailey, Inc. v State of New York, supra at 308; Stavan Ctr. v State of New York, Ct Cl, June 28, 2001, Waldon, J., Claim No. 99362, Motion No. M-60954), a condition which claimant acknowledges defendant has met. Thus the court finds no' reason to grant the drastic relief claimant seeks. At trial the court will determine what import the second report should be given and will determine what valuation methods are appropriate and will reconcile divergent values. (Matter of Village of Johnson City, 215 AD2d 917.)
Claimant’s motion is denied. The court will reserve decision on defendant’s cross motion until the trial.

. These subdivisions were amended effective April 5, 2002. The quoted text reflects the language of the subdivisions as effective on April 3, 2002, the return date of these motions.

. Formerly Rules of Court of Claims § 25 (a) (22 NYCRR former 1200.27).