■ ISABELLE T. FARRINGTON, Appellant, v. STATE OF NEW YORK, Respondent. (Claims Nos. 46857, 46858, 48674.) — REYNOLDS, J. Appeal from two orders of the Court of Claims, the first denying claimant's motion for leave to file and serve a new appraisal in place of the one already filed and the second denying a later motion made by claimant for leave to file and serve a new appraisal as a supplement to that already filed. Following an exchange of appraisals pursuant to rule 25-a of the Court of Claims Act; 22 NYCRR 1200.27, claimant became dissatisfied with the valuations of her initial appraiser and thereafter replaced her attorney with the present attorneys handling her claims and instructed them to obtain the services of a new appraiser. The new appraiser produced a significantly higher valuation, and the instant motions seek to get his appraisal before the court either in place of the initial appraisal or as a supplement to it. Claimant contends here that the Court of Claims' denial of her motions constituted an abuse of discretion in the application of rule 25-a, that the denial deprived her of additional expert testimony, which is a deprivation of due process and that subsequent takings by respondent show a need for the supplemental appraisal. We cannot agree. With respect to the claim that the trial court abused its discretion, it must be noted that the clear intendment of rule 25-a is to permit liberally and freely the filing of any and all appraisals within the six-month period following the filing of the claim and to impose rigid standards for the filing of such appraisals after that period and the exchange of appraisals between the parties. (See Committee on Land Acquisition Law and Procedure, Report to the Governor, 1966, pp. 121, 122, 124.) With this in mind a position whereby its discretion is exercised strictly so as not to subvert the purpose of the rule cannot be said to be inappropriate (*France* v. *State of New York*, 58 Misc 2d 290; *Farrell* v. *State of New York*, 58 Misc 2d 115). Nor do the facts in the instant case mandate a departure from this position. To sanction what claimant has sought to do here could only be expected to promote the seeking of new attorneys and appraisers every time a claimant decides he is unhappy with a filed appraisal and would not only be contrary to the purpose of rule 25-a but could mark its demise. Similarly, the alleged denial of due process by depriving her new attorneys of the opportunity to collaborate with the new appraiser, with the result presumably that she will be unable to prove damages adequately, cannot be sustained under scrutiny. First, there is no proof in either the record or claimant's brief to indicate that the initial appraiser will not co-operate at the trial and testify according to the appraisal he prepared. There is only claimant's statement to that effect. This court cannot presume the truth of such a statement without additional data (such as an affidavit from the appraiser indicating his unwillingness to participate) for to so assume would be to presume that this man is so unprofessional or unethical as to be unwilling to stand behind his work despite disagreements as to its worth. Secondly, a denial of claimant's motion does not prevent collaboration between her new attorneys and the second appraiser. He may fully collaborate and even testify so long as his testimony is limited to values which do not go beyond those in the initial appraisal. Even assuming that due process embodies a right to produce expert testimony, such right would not encompass that the expert testify with the highest degree of favorability for the party on whose behalf he appears. Such, indeed, would itself be a subversion of due process. Finally, as to the need for a supplemental appraisal due to subsequent takings, we concur that such may be in fact necessary, but they should be limited strictly to damages flowing from such subsequent takings and not encompass any damages covered by or which should have been covered by the original claim. Thus denial of the

732

instant motions must be upheld subject to claimant having a right to submit a supplemental appraisal within the scope and limit noted above. Orders affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.