Sidney Squire, J.
This claim for $1,152,500 was tried before me for five days in Rochester. The sites of the appropriated fee and temporary easement portions, claimant’s remaining real property and requested “ comparables ” were viewed by me in the company of both trial counsel. Both sides waived the submission of proposed decisions and requested time to submit posttrial memoranda. Thereafter, these were received and have been considered by me with respect to questions of fact and law at bar.
*453 It is my opinion that on this trial record and statutory viewing, the case cannot be decided now because the constitutional mandate for “ just compensation ” will not be fairly and fully effectuated judicially. The filed appraisal reports and testimony of the experts are insufficient as a basis or bases for a just decision. A judgment entered on the proof at bar would be vulnerable, courting reversal.
In similar situations, capable and experienced colleagues of mine had ordered a trial ele novo and permitted the parties to file new appraisals. (Bauer v. State of New York, Ct. of Claims, Feb, 2, 1967; Grassi v. State of Neiv York, Ct. of Claims, dated Dec. 24,1969, affd. after reopened trial 37 A D 2d 917 [4th Dept., Oct., 1971]; Wright v. State of New York, Ct. of Claims, July 17, 1970; Ellison v. State of New York, Ct. of Claims, July 12,1971.) In Di Bello v. State of New York (Ct. of Claims, Jan. 16, 1970), some time after the conclusion of trial and before decision, a party’s motion to reopen the trial was granted and each of the parties was permitted to file a “ Supplemental Appraisal” as to one feature of the case.
In at least two decisions of mine, Bostwick v. State of New York (Ct. of Claims, Aug. 7,1970) and Bast v. State of New York (Ct. of Claims, July 29, 1971), some of the foregoing were referred to but because of pragmatic conditions the cases were decided with laborious explanations. It might also be mentioned that the Wright case was a retrial (33 A D 2d 616) where a second set of appraisals had to be filed after the reversal. The second Trial Judge ruled that the second appraisals were legally insufficient, declared the trial abortive and ordered that a third set of appraisals be filed. He disqualified himself from presiding at the third trial.
In the case at bar, there was a primary issue as to the highest and best use. Claimant’s expert opined “ Continued use and development * * * for industrial and business use ”. Defendant’s witness disagreed, saying (a) eventual commercial office building use or (b) high density residential use or (c) a combination of (a) and (b).
On this trial record, I have no difficulty in determining that on said issue claimant’s proof predominated. The seven-story building and full basement were used for the manufacture, display, storage and sale of optical frames and the surrounding land was needed for the passage, loading and unloading of motor vehicles and the parking of automobiles as an essential incident of this business employing about 450 persons. It is my determination that the use of claimant’s real property on the vesting *454 date was the highest and best use before and after the appropriations. .
The more troublesome elements before me pertain to the assays of the improvements. Claimant’s expert purported to use the three recognized approaches: (1) cost, (2) market data (whole to whole) and (3) income. Cost cannot be used because the building was not a specialty or unique. In effect, his attempted ‘ ‘ Whole to Whole ’ ’ was abandoned on the trial. There remained the income approach. Here, claimant’s expert applied Inwood Tables predicated on assumptions. In my opinion, there are serious doubts as to whether this approach is legally valid at bar (the submitted memoranda making no mention of this legal point) and even if applicable, the attempted supportive foundations are impotent in fact or in law. (Cf. Midcourt Bldrs. Corp. v. State of New York, 24 A D 2d 532 [4th Dept., June, 1965]; Rockaway Peninsula Corp. v. State of New York, 29 A D 2d 997, 998 [3d Dept., April, 1968].) Accordingly, such ‘ ‘ proof ’ ’ becomes quicksand incapable of supporting a decision.
For the before value, the defendant offered no evidence on which the improvements could be evaluated. This was consistent with its posture that on the defendant’s asserted highest and best use, the building would ha í e no value and its demolition cost would be deducted from land valve.
Even if the defendant had produced proof of improvements before value, it could not be relied on by me because it was not predicated on the correct highest and best use. Where experts differ as to highest and best use, there is no range of value. When a trial court finds the highest and best use, it cannot adopt an evaluation based on a conflicting highest and best use. (Roffle v. State of New York, 40 A D 2d 575 [4th Dept., July, 1972].) A trial court does not have the greater judicial latitude exercised at times on an appellate plateau (see the majority and minority opns. in Pascack Motel v. State of New York, 40 A D 2d 919).
It would serve no commendable purpose for me to discuss other vexing features of the proof at bar. Rather than declare a mistrial, it is my opinion that on this trial record, the interests of justice require me to order each of the parties to file an “ Alternative Appraisal Report ” predicated only on the highest and best use as the claimant’s use on the appropriation date (cf. Stiriz v. State of New York, 26 A D 2d 964, 965 [3d Dept., Nov., 1966]). It is my further declaration that in fulfilling this direction, the parties will not be waiving any legal right or *455 remedy and the same shall not prejudice the continuation of their initial legal or factual postures, filed evaluations, or any proof, written or oral, thus far before me.
There have been other occasions during a trial or while presiding at a motion part, where a conflict as to a highest and best use confronted me. I voiced the adjuration that the cause of justice would better be served if the parties were permitted to file an alternative appraisal report based on an adversary’s highest and best use without waiving the initially espoused highest and best use. This could be done timely long before trial, by an order on motion or by an amendment of our rule 25a. By either procedure, no litigant would be prejudiced, "the trial court would have a range of values and the spirit of fairness would be more readily attained. Moreover, in the eyes of the community the image of our judicial adversary system would be enhanced.
Accordingly, in my judicial discretion, on the facts and on the law, as well as in the interests of justice, it is ordered, that on or before January 15, 1973, each of the parties herein shall file an alternative appraisal report predicated only on the claimant’s use on the appropriation date as the highest and best use, utilizing the procedure of rule 25a of the rules of this court (22 NYCRR 1200.27). Compliance with the foregoing is not to be deemed a waiver of any party’s legal right or remedy and shall not prejudice the continuation of a party’s initial legal or factual posture, any filed appraisal report or proof (written or oral) thus far before me or which will be offered or received upon the continuation of this trial; and it is further ordered, that the respective counsel hereto be informed as to the date for the reopening and continuation of this trial in the courtroom of our court on the first floor of the Hall of Justice in Rochester, New York.