Frank S. Rossetti, J.
The claimant herein seeks an order granting her an extension of time in which to file an appraisal report. This appropriation claim was filed with the clerk September 17, 1975 and both sides had until March 17, 1976 to file appraisals (see 22 NYCRR 1200.27 [a]). The State filed its report March 12, 1976, but claimant, by letter dated March 15, 1976 (two days before the time to file expired), requested a six-month extension from the Presiding Judge of this court. Said request was granted but on September 17, 1976, the last day to file as per said extension, claimant initiated the instant motion.
At the outset, we believe it in order to observe, albeit reluctantly, that this court has been extremely lenient in permitting the late filing of appraisal reports, particularly where the report to be filed is an initial one. This reluctance to strictly enforce our appraisal rule (22 NYCRR 1200.27) seemingly stems from a concern that the limiting of claimant’s evidence would violate a claimant’s constitutional right to just compensation (see NY Const, art I, § 7; see, also, US Const, 5th Arndt). This regard for the rights of claimants is of course commendable, especially in view of the generally superior resources of the State. However, we do not believe this *559 court’s rule and the analogous rules existing in all four judicial departments (see 22 NYCRR 660.18, 678.1, 839.3, 1024.24) are constitutionally infirm.
The power of eminent domain is not a creature of statutory or constitutional provisions, but rather an inherent attribute of governmental sovereignty. (Kahlen v State of New York, 223 NY 383, 391; People ex rel. New York Cent. and Hudson Riv. R.R. Co. v Priest, 206 NY 274, 289; People v Adirondack Ry. Co., 160 NY 225, 236, 237, affd 176 US 335.) Nonetheless, it is subject to restriction and regulation by such provisions, and the constitutional limitations require that just compensation be paid and due process be observed. (US Const, 5th and 14th Arndts; NY Const, art I, §§ 6, 7; People v Adirondack Ry. Co., supra, pp 236-238; Zember v State of New York, 5 Misc 2d 216, 218.) These limitations have been interpreted to require notice and an opportunity to be heard on the issue of compensation. (See Matter of City of Rochester v Holden, 224 NY 386, 393; People v Adirondack Ry. Co., supra, pp 236-239; Matter of City of Buffalo, 139 NY 422, 429-431; Stuart v Palmer, 74 NY 183, 190.) With respect to the hearing required, the United States Supreme Court has made it clear that opportunity is the key word and once an appropriate and reasonable opportunity to be heard is provided, the constitutional mandates have been met. (See Boddie v Connecticut, 401 US 371, 377-379.) The fact a party fails to avail himself of such an opportunity, through his own default or through his violation of procedural rules, without justifiable excuse, has been held not to result in any violation of constitutional rights. (See Boddie v Connecticut, supra, p 378.) We believe the procedure in this court for the determination of appropriation claims, including specifically our appraisal rule, more than adequately provides claimants a proper and reasonable opportunity to be heard. We also believe that claimants who fail to avail themselves of that opportunity without justifiable excuse should not be permitted to avoid the consequences. (See Novickis v State of New York, 44 AD2d 508, 512.)
An examination of the subject appraisal rule confirms this conclusion. First, both sides have six months after the filing of a claim to file their appraisals (22 NYCRR 1200.27 [a]). It has been our experience that this is more than enough time in all but the most complex or unusual cases. However, the rule also gives the parties another 60 days after appraisals are exchanged to move to amend or supplement them (22 NYCRR *560 1200.27 [c]). Should a party still be unable to complete an appraisal, the rule provides for an extension upon showing unusual and special circumstances. (22 NYCRR 1200.27 [d] [1].) Finally, if still unable to comply with the rule, relief from the requirements thereof may be obtained by showing unusual and substantial circumstances which if not remedied would cause undue hardship (22 NYCRR 1200.27 [d] [2]). It is only after a party fails to meet the liberal time limitations and also fails to show a justifiable excuse within either of the amelioratory provisions noted above that the sanction of preclusion is imposed. (See 22 NYCRR 1200.27 [e] [1].) Where no appraisal has been filed, this preclusion would encompass what is usually comprehended within affirmative expert testimony of a real estate appraiser (cf. 22 NYCRR 660.18 [a] [4], 678.1 [e], 839.3 [d], 1024.24 [d]), except for matters properly contained in bills of particulars and examinations before trial (see 22 NYCRR 1200.27 [e] [l]).[1]
Germane to the constitutionality of our rule is subdivision 2 of section 19 of the Court of Claims Act, which explicitly empowers this court to proceed with trial despite a total default by claimant in appearing or being ready to proceed. A presumption of constitutionality normally attaches to a properly promulgated statute and we feel safe in assuming the Legislature fully considered the constitutional ramifications of permitting the court to make an award based solely on the State’s proof. If we can statutorily make an appropriation award where the claimant is not even present, we think there can be little doubt we can do so where he is merely limited in his affirmative proof.
*561 Turning to the specifics of the application at bar, claimant is apparently seeking an extension on the ground of "unusual and special circumstances”. (See 22 NYCRR 1200.27 [d] [1].) The only such circumstances discernible from claimant’s papers are statements by her attorney that the property is situated in a rural area and there is a "limited number of appraisers available.” This same attorney goes on to allege that claimant has engaged an appraiser who is preparing a report but cannot meet the current extension deadline. There is no affidavit from this putative expert or any attempt to show who he is, when he was engaged or why he could not meet the said deadline. No supporting affidavit from claimant is presented and no other explanation is offered to justify movant’s inaction during the 12 months after the filing of her claim. Further, the fact defendant was able to retain an appraiser, have him complete an appraisal report and file it within the six months following the claim’s filing belies claimant’s would-be excuse. Claimant’s papers even fail to allege she was confronted with unusual and special circumstances, much less present any factual date the court could interpret as such. The meager and patently insufficient showing is particularly damaging here, coming as it does on an application requesting the exercise of our discretion.
The appellate courts of this State have made it emphatically clear that the intendment of our appraisal rule is to liberally and freely permit the filing of appraisals within the six months following the filing of the claim, but to impose rigid standards thereafter (Laken Realty Corp. v State of New York, 37 AD2d 885, 886, and cases cited). These standards are to be strictly enforced (see Thomas v State of New York, 37 AD2d 1030; see, also, Elmira Urban Renewal Agency v Volunteers of Amer., 39 AD2d 991), not merely to prevent the subversion of the rule’s underlying purposes (see 22 NYCRR 1200.27 [g]; Laken Realty Corp. v State of New York, supra, p 886, and cases cited), but also to avoid its total disregard and demise (see Farrington v State of New York, 33 AD2d 731). The burden of proof is on movant to demonstrate the circumstances warranting the exercise of the court’s discretion (see Hogan v State of New York, 43 AD2d 876) and the fact the State suffers no detriment is of course not controlling (see Warren v State of New York, 43 AD2d 647, 648). We are aware the above cases do not specifically deal with the late filing of initial appraisals, but we believe the principles pro *562 nounced therein must be deemed equally applicable to the situation at hand.2
The subject appraisal rule has been in effect over six years and we believe its continued nonenforcement by the court will result in its continued nonobservance by litigants and their attorneys. The adoption of similar appraisal rules throughout the State (22 NYCRR 660.18, 678.1, 839.3 and 1024.24, supra) attests to the salutary effect such a rule has on the expeditious disposition of appropriation claims. To grant the instant application, where a proper showing of unusual and special circumstances is so notably lacking, would only serve to further dilute the effectiveness of the rule.
This court is not at liberty to ignore appellate directions concerning the procedural rules applicable to a motion of this kind. Adequate supporting factual data must be supplied to enable us to exercise our discretion. The glaring deficiencies in such data here constrain us to deny claimant’s motion in all respects. To do otherwise would be an abuse of that discretion.

. This latter exception makes the preclusion in our rule presumably less stringent than that prescribed in the rules of the four judicial departments (see 22 NYCRR 660.18, 678.1, 839.3, 1024.24). Further, preclusion will not necessarily result in a totally one-sided, nonadversary hearing since the court is not required to adopt any one expert’s opinion, but rather can base its determination on all the evidence in the record. (See Spyros v State of New York, 25 AD2d 696; Matter of City of New York [Maxwell], 15 AD2d 153, 161, affd 12 NY2d 1086, 16 NY2d 497, amd 16 NY2d 828; Morton v State of New York, 9 Misc 2d 674, 677, affd 8 AD2d 49.) Through proper and effective cross-examination, a party in default of the appraisal rule may still be able to obtain more than the State’s estimate of damages. Also, if it is found the totality of evidence is legally insufficient to determine value and damages, the trial court (see, e.g., Art-Craft Realty Corp. v State of New York, 72 Misc 2d 452, 453) or the appellate courts (see, e.g., Getty Oil Co. v State of New York, 33 AD2d 705, 706, 707) have the power to provide for the production of additional evidence. These further opportunities are more than is constitutionally or statutorily required. They are pointed out merely to indicate the liberal extent to which our procedure preserves and protects the rights of claimants.