■ RICHARD H. GUSTAFSON et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 53960.)—Appeal from a judgment, entered December 20, 1973, upon a decision of the Court of Claims. The sole question to be resolved on this appeal by the claimant is whether the rules of the Court of Claims require exclusion from evidence of a party's *original* appraisal report if it is not timely filed (22 NYCRR 1200.27 [a]). The claim is for damages for a permanent easement across claimant's premises. Notice of claim was duly filed June 18, 1971 and a request for a 60-day extension of time for filing an appraisal report was granted to both parties, upon application of the claimant, on December 14, 1971. Claimant's report was filed February 14, 1972, but the respondent Power Authority of the State of New York did not file its report until October 2, 1973 and had not asked for

any further extension of time or other relief from the filing requirements during the interim. At the time of trial on November 20, 1973, claimant objected to the use of the respondent's appraisal on the ground that it was not timely filed. The court concluded that, under these circumstances, it was not required to disregard that appraisal. We agree. On numerous occasions we have observed that rule 25-a of the Court of Claims (22 NYCRR 1200.27) permits free exchange of appraisals for a six-month period and rigid standards are to be applied for any time beyond that for the *filing and exchange* of appraisals between the parties *(Laken Realty Corp. v State of New York,* 37 AD2d 885; *Leider v State of New York,* 36 AD2d 788; *Finger v State of New York,* 36 AD2d 655; *Farrington v State of New York,* 33 AD2d 731, mot for lv to app den 27 NY2d 531). However, in those cases we were concerned with the improper filing of a supplemental or an amended appraisal report. Although the record does not disclose any valid reason for respondent's failure to file its original appraisal report, excluding it would result in an obvious hardship. While we do not approve of respondent's disregard of rule 25-a, we do not find an abuse of discretion by the Court of Claims in forgiving its requirements in the absence of prejudice to the claimant or of undue advantage to one party by the action or inaction of the other *(Novickis v State of New York,* 44 AD2d 508, 511–512). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur. [76 Misc 2d 260.]