■ JOREMI ENTERPRISES, INC., Appellant, v M. RICHARD ABRAITYS, as Assessor of the Town of Ossining, et al., Respondents.—In a consolidated proceeding to review tax assessments on certain real property for the tax years 1974/1975 and 1975/1976, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated December 16, 1976, which (1) precluded petitioner from introducing evidence with respect to the value of the subject vacant real property, (2) dismissed the petitions with respect to the tax years 1974/1975, 1975/1976 and 1976/1977, with prejudice, and (3) denied petitioner's motion to vacate the dismissal of the petitions. Judgment modified by (1) deleting the second and third decretal paragraphs thereof and substituting therefor a provision that petitioner's motion to vacate the dismissal of the petitions is granted and (2) deleting from the first decretal paragraph thereof the word "herein" and substituting therefor the following: "of its appraisal report or expert testimony". As so modified, judgment affirmed, without costs or disbursements, and proceeding remanded to Special Term for further proceedings not inconsistent herewith. Petitioner failed to file a timely appraisal report with the trial court pursuant to 22 NYCRR 678.1. At the date of trial the petitioner sought an adjournment of one month in order to file the appraisal report, alleging that additional time was needed to consider the ramifications that newly discovered information would have on the "valuation" of the subject vacant realty. The trial court denied the petitioner's motion for an adjournment, precluded any evidence on the valuation issue and dismissed the petitions with prejudice. Although the petitioner failed to demonstrate the requisite good cause that would entitle it to an extension of time to file its appraisal report, we do not find that such preclusion forecloses all litigation (see *Fiesinger v State of New York*, 88 Misc 2d 557, 560, n 1; cf. *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains*, 58 AD2d 871, 872-875 [dissenting memorandum of Justices Shapiro and Suozzi]). Therefore the petitions

should be reinstated and the proceeding should proceed to trial. In any event, Special Term's dismissal of the petition pertaining to the 1976/1977 assessment was error since that petition had not been consolidated for trial with the petitions for the tax years 1974/1975 and 1975/1976. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.