■ WALTER DUFEL et al., Appellants, v STATE OF NEW YORK, NEW YORK STATE THRUWAY AUTHORITY, Respondent.—Appeal from an order of the Court of Claims (Corbett, Jr., J.), entered June 3, 1991, which denied claimants' motion for an extension of time to file an appraisal.

We reject claimants' contention that the Court of Claims abused its discretion in denying their request to extend the time to file an appraisal. Initially, we note that insofar as claimants' request was not made until the time period for filing an appraisal had expired, they were required to show "unusual and substantial circumstances" to warrant the court's exercise of its discretion in granting such a request (22 NYCRR 206.21 [g] [3]). This they failed to do. The filing date had already been extended twice, the first time at the State's request and the second time by stipulation of both sides pursuant to 22 NYCRR 206.21 (g) (2). Although the last

deadline was for July 5, 1990, claimants' motion was not made until February 20, 1991. Their current counsel claims it was because he was hospitalized, but this did not occur until October 19, 1990. In addition, it is not clear when current counsel took over and claimants offered no explanation as to why their attorney of record at the time of the deadline made no extension request. With respect to their contention that they were unaware of the necessity for an appraisal, we note that they joined in the application for the second extension.

In reaching this conclusion it should be pointed out that the purpose of the appraisal rule is to permit the free and liberal exchange of appraisals for the initial time period following the filing of the claim or within the extended time period, but to impose rigid standards thereafter (see, Laken Realty Corp. v State of New York, 37 AD2d 885). Furthermore, preclusion of an appraisal does not foreclose litigation of the valuation issue (see, e.g., Joremi Enters. v Abraitys, 61 AD2d 834; Fiesinger v State of New York, 88 Misc 2d 557, 560, n 1). Claimants' remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.