■ M. SHAWKY EL SAWAH, Appellant, v EMPIRE STATE PIPELINE, Respondent. [632 NYS2d 37] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly precluded claimant from offering appraisal testimony on value upon the trial of his claim for damages arising from the acquisition of an easement over his property. Claimant did not file an appraisal report within nine months after service of the claim and notice of appearance (see, 22 NYCRR 202.61 [a] [1]) and did not show good cause for his failure to file the report timely (see, 22 NYCRR 202.61 [a] [3]; Matter of City of Albany [Brown Equip. Co.], 199 AD2d 746).

The court erred, however, in granting summary judgment dismissing the claim for damages. The condemnor concedes

that claimant is entitled to compensation for damages resulting from the taking of the easements. Further, although claimant is "precluded from offering any appraisal testimony on value" (22 NYCRR 202.61 [e]), "preclusion of an appraisal does not foreclose litigation of the valuation issue" *(Dufel v State of New York Thruway Auth.,* 187 AD2d 792, 793; *accord, Joremi Enters. v Abraitys,* 61 AD2d 834; *Fiesinger v State of New York,* 88 Misc 2d 557, 560, n 1). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Dismiss Claim.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.