*750 OPINION OF THE COURT
Abraham Gerges, J.
Claimants Joseph Ligotti and John Freno move for an order directing the City of New York to pay them the remaining balance alleged to be due pursuant to the settlement agreement entered into between the parties, together with 6% interest thereon up to the date of payment.
Facts and Procedural Background
Claimants and Anthony Dacchille are the former fee owners of property described as block 2263, lots 11, 15, 16, 62, 74 and 78 in Richmond County. Freno and Ligotti owned a 50% interest in the fee of lots 11, 15, 16, 74 and 78; Freno owned a 50% interest in the fee of lot 62 and Ligotti and Dacchille each owned a 25% interest. Title to the subject property vested in the City on August 10, 1994 pursuant to a judgment entered in this eminent domain proceeding. Subsequent to the vesting, the City tendered an advance payment in the amount of $64,368.14, plus $9,480.80 in interest, for a total of $73,848.90, to claimants with respect to lots 11, 15, 16, 74 and 78. The City also tendered an advance payment in the amount of $18,031.56, plus $2,655.86 in interest, for a total of $20,687.42, to claimants with respect to lot 62.
By order to show cause dated February 10, 2003, claimants sought an order determining the ownership interests of Ligotti, Dacchille and Freno with regard to lot 62. On August 13, 2003, the City and claimants entered into a stipulation that recited that the final award with respect to all lots (11, 15, 16, 62, 74 and 78) would be $825,000, plus interest at the rate of 6% from the date that title vested to the date of the availability of the payment (the stipulation). By order and decision dated September 12, 2003 and entered on October 9, 2003 (the October 9, 2003 order), the court ordered that, pursuant to a correction deed recorded on July 14, 2003, lot 62 was owned 25% by Ligotti, 25% by Dacchille and 50% by Freno. As is relevant herein, that order further provided that “the City of New York shall make payment of the condemnation award for Block 2263, Lot 62 in accordance with the corrected ownership interests of Joseph Ligotti, Anthony Dacchille and John Freno.” A final decision and decree was signed on October 3, 2003.
By separate notices of award that the City alleges were sent on November 21, 2003, each claimant was notified that his award would be available on November 26, 2003 and that Lig *751 otti would be awarded $215,865 in principal and $120,470.41 in interest; Freno would be awarded $371,300 in principal and $207,215.92 in interest; and Dacchille would be awarded $155,435 in principal and $86,745.51 in interest. Subsequently, a dispute ensued with regard to the amount of money to be paid to each of the claimants. By letter dated April 20, 2004, claimants advised this court that since the agreed upon settlement amount was $825,000 and the total area of lot 62 was 19,000 square feet, the value of the lot was argued to be $242,820 ($825,000 divided by 64,579 [the total number of square feet of the property taken from Ligotti, Freno and Dacchille by the City], or $12.78 per square foot, multiplied by the area of lot 62). The letter also stated that:
“The above matter has been settled with the City of New York, but we have been advised that they will not make the settlement payment unless a further Order is entered which specifies the exact dollar amount to [b]e held by the City for Anthony Dacchille’s portion.
“We respectfully submit that had the City had any opposition to the Order which was signed by Your Honor resolving this matter, it should have submitted a counter-proposed Order. To refuse to pay now while substantial interest continues to accrue is unreasonable.”
By letter to the court dated April 21, 2004, the City responded, stating that:
“Although claimants suggested an allocation of the final award in their moving papers, their attorneys never submitted a proposed order which included any such allocation. The order merely included the ownership interests of the claimants. Contrary to [counsel’s] assertions, the City was not responsible for submitting a counter-proposed order to protect his clients’ interests.
“In any event, the City has no objection to claimants’ proposed allocation of the final award. However, the City requires that claimants obtain a modified order, on notice, to include the proposed allocation of the final award. The Comptroller’s Office cannot make specific allocations without such a court order.”
Accordingly, by notice dated May 17, 2004, claimants submitted a proposed resettled final order, which valued lot 62 at *752 $180,537.61. In her affidavit in support of that order, counsel for Ligotti and Freno averred that:
“The [October 9, 2003] Order was defective in that it did not specify that of the $825,000 condemnation award for the six parcels of land acquired from Claimants, $180,537.61 was attributable to Block 2263, Lot 62, thus payment therefor could not be properly apportioned between Joseph Ligotti, Anthony Dacchille and John Freno. The instant application to resettle the October 9, 2003 Order seeks to clarify same.”
The resettled final order, which was signed by this court on June 7, 2004, provided in pertinent part that $180,537.61 of the $825,000 settlement amount was attributable to lot 62 and that Ligotti and Dacchille would each be paid 25% of that amount and Freno would be paid 50% plus interest from the date that title vested in the City.
On September 14, 2004, the City paid Freno a total of $578,515.92, of which $371,300 was attributable to principal and $207,215.92 was attributable to interest due through November 26, 2003. On the same date, the City paid Ligotti a total of $515,216.59, of which $330,673.56 represented principal and $184,543.03 represented interest due through November 26, 2003. Claimants make the instant application, arguing that they are entitled to interest for the period from November 26, 2003 through August 24, 2004, the period of time during which payment was not available.
The Parties’ Contentions
In support of their application, claimants contend that to the extent that the City has underpaid the amount due to them, the City’s payment must first be applied to interest, and then to principal. Hence, Freno is owed additional interest in the amount of $16,479.60 through August 25, 2005 (the date of the affirmation); applying that amount to principal, additional interest in the amount of $1,004.97 is due thereon, for a total of $17,754.57. Ligotti is owed an additional payment in the amount of $14,674.41 in interest; applying that amount to principal, additional interest in the amount of $880.46 is due thereon, for a total of $15,554.87.
The City opposes claimants’ demand for relief, asserting that claimants are not entitled to any additional interest in this proceeding, since the City paid them interest at the statutory *753 rate from the date of vesting of title through the date that the payment was made available, i.e., November 26, 2003. The City further argues that it should not be ordered to pay any additional interest, since the error that is alleged to have occurred was caused by the order submitted by claimants, which failed to address the issue of the allocation of the $825,000 as between the three parcels of property owned by Ligotti, Freno and Dacchille.
The Law
In discussing the award of interest, it has been held that “[i]t is well established that in condemnation proceedings the constitutional requirement of just compensation necessarily includes a sum in addition to the bare value of the property to account for the delay between the taking and the ultimate payment to the property owner” (Matter of City of New York [Brookfield Refrig. Corp. — Zoloto], 58 NY2d 532, 536-537 [1983], citing Jacobs v United States, 290 US 13 [1933]; City of Buffalo v Clement Co., 28 NY2d 241, 265-266 [1971], rearg denied 29 NY2d 640 [1971], rearg denied 29 NY2d 649 [1971]; Matter of City of New York, 284 NY 48, 54-55 [1940], affd sub nom. A. F. & G. Realty v City of New York, 313 US 540 [1941]; see US Const 5th Amend; NY Const, art I, § 7).
In accordance with this rationale, Eminent Domain Procedure Law § 514 (A) provides in pertinent part that “[s]ubject to the provisions of this chapter, a condemnee shall be entitled to lawful interest from the date of acquisition to the date of payment.” This provision is consistent with Administrative Code of the City of New York § 5-327 (a), which provides, in relevant part, that:
“All damages awarded by the court, with interest thereon from the date title to the real property acquired shall have vested in the city and all costs, charges and expenses which may have been taxed shall be paid by the city to the respective owners mentioned or referred to in the final decree or to the persons in whose favor such costs, charges and expenses were taxed.”
Discussion
Concisely stated, the issue presented herein is whether the City should be obligated to continue to pay interest on a condemnation award, after it has made the money available to *754 claimants, when claimants dispute the allocation of the award as between themselves and the property that each owns. While the above-quoted general principles and provisions of law supply guidance in the resolution of the instant dispute, they do not address the specific issue presented herein, nor does either party provide the court with any legal authority upon which it may rely in making its determination.
In weighing the positions of the parties and the equities of the situation, the court determines that on the facts presented, claimants are not entitled to the payment of any additional interest. In holding, the court first notes that there is no indication that claimants objected to the advance payments made by the City or that they demanded an allocation as between the individual parcels or as between themselves and Dacchille. Moreover, the October 9, 2003 order, which claimants contend was defective in that it did not allocate the $825,000 settlement figure between the parcels owned by Freno, Ligotti and Dacchille, was prepared by claimants. In reliance on that order, the City thereafter tendered payment to claimants, apportioned between the parcels as it determined was proper. Although claimants then argued that the allocation was incorrect, it must be emphasized that if allocation was an issue, it was incumbent upon claimants to have resolved the dispute during settlement negotiations and to have incorporated appropriate language into the order that they submitted to the court. In this regard, the court agrees that the City, which had no knowledge or notice of the existence of a dispute with regard to the allocation of the award until after payment was made available, cannot be charged with the responsibility of anticipating the dispute and protecting claimants’ interest, particularly under circumstances where claimants were represented by counsel.
This conclusion finds further support in the fact that claimants offer no explanation with regard to why the instant dispute was not brought to the court’s attention until six months after the final order was signed and five months after payment was made available by the City, or why the resettled order was not submitted to the court for an additional one month thereafter. Accordingly, since the delay in obtaining payment appears to be, at least in part, attributable to the conduct of claimants, the court declines to award a payment of additional interest (see generally Matter of City of New York [George Washington Houses], NYLJ, June 12, 1953, vol 129, at 1985, col 6 [the running of interest ceased on dates when the City was *755 ready to make payment under the awards]; In re Frank [Public Park, Beach Channel Dr.], NYLJ, Apr. 8, 1943, vol 109, at 1378, col 7 [petitioner was not allowed additional interest on a condemnation award for the delay in making payment where the delay was due to a dispute between petitioner and junior lienors, with which the City was not concerned and in which it took no part]; Matter of City of New York [Hamilton Aver, D.P. 65], NYLJ, Aug. 15, 1941, vol 106, at 354, col 4 [inasmuch as the final decree in condemnation made the award payable to the owner, subject to the first mortgage, and the mortgagee failed to move upon entry of the decree for amendment thereof so as to make the amount of the mortgage payable to it, the mortgagee was entitled to interest on the award only to date the award was ready for payment, and not to the date payment was actually made]; Matter of Dry Dock Sav. Inst. [First & Third Aves.], NYLJ, Oct. 1, 1940, vol 104, at 875, col 2 [interest on condemnation award would continue only until the date the City was ready to pay the award in full, and not until such time as the mortgagee chose to move to collect the amount of its claim]; In re Stoker Realty Corp., NYLJ, Oct. 3, 1940, vol 104, at 915, col 1 [mortgagee who refused to accept payment of his mortgage on the date that the City was ready to make payment on the ground that he was not satisfied with the amount offered and because he would have been obliged to accept a check made payable to the corporate owner and indorsed ovér to him was not entitled to interest beyond the date when the City was ready to make payment]).
Conclusion
Having determined that the City properly paid interest on the condemnation award up to November 26, 2003, the date that the payments were made available, claimants’ motion for an award of further interest is denied in its entirety.