OPINION OF THE COURT
Abraham G. Gerges, J.
In this eminent domain proceeding, claimants John Garner and Great Atlantic Precast and Statuary, Inc. move for an order directing the condemnor, the City of New York, to exchange appraisal reports, to file a note of issue and certificate of readiness for trial and to set a date certain for the trial. The City cross-moves for an order: (1) dismissing the subject claims insofar as they are seeking an award in excess of the City’s advance payment or, in the alternative, (2) ending the City’s obligation to pay interest on any award as of August 31, 1997.
Facts and Procedural Background
Garner is the former owner of block 7998, lots 80 and 100. Great Atlantic is the former owner of block 7998, lot 130. Title to the subject properties vested in the City on April 18, 1991. Both Garner and Great Atlantic filed a notice of claim dated July 22, 1992 and a notice of appearance dated July 23, 1992. *947 On November 14 and 22, 1996, the New York City Law Department authorized the Office of the Comptroller to make advance payments of $10,488 and $19,163 to Garner and $77,363 to Great Atlantic.
From 1991 through 2002, claimants were represented by the law firm of Roman & Schenker; Paul Schenker was ill for a number of years and has since passed away. The assistant corporation counsel who was assigned to this matter, Jules Levy, Esq., retired and has also since passed away; the matter was then assigned to Janet Miller, Esq. Claimants’ current counsel filed a notice of appearance dated November 16, 2000 and a consent to change attorney dated July 26, 2002. Miller retired on June 6, 2005.
By letter dated March 29, 2007, claimants advised the City that appraisals were ready to be exchanged. By letter sent the same day,[1] the City advised claimants that since title to the subject properties vested in 1991, over 15 years ago, it would not exchange appraisals.
The instant motion and cross motion followed.
The City’s Motion to Dismiss
The court will first address the City’s cross motion to dismiss, since dismissal of the claims will render the request for an order directing the exchange of appraisal reports moot.
The Parties’ Contentions
In seeking dismissal of the claims at issue herein, the City relies upon claimants’ failure to timely file and exchange an appraisal report pursuant to 22 NYCRR 202.61 (a) (1). The City further avers that it has been prejudiced by the delay because its ability to present its case at trial has been compromised in that if it is able to present its appraiser as a witness, “the passage of time may have impaired his ability to testify.” Further, in the event that claimants are awarded payments in excess of the advance payments, the City would be required to pay interest on the awards. Finally, the files pertaining to this case had been located at 100 Church Street; as a result of the terror attacks on September 11, 2001, the files were moved several times and some of them have yet to be located.
In opposition, claimants argue that the City delayed making the advance payments herein for six years. Further, when cur *948 rent counsel filed a consent to change attorney, the City raised no objection to any delay. Claimants also aver that the duty is on the City to move a condemnation proceeding forward. More specifically, Eminent Domain Procedure Law § 506 and Administrative Code of the City of New York § 5-312 place the responsibility of filing a note of issue on the condemnor and EDPL 301 makes it condemnor’s obligation to move a claim toward a resolution. Finally, claimants contend that the City cannot rely upon 22 NYCRR 202.61 (a) (1) to argue that the claims at issue herein should be dismissed because claimants failed to exchange their appraisal reports as required therein inasmuch as the City similarly failed to comply with the rule and admits that the rule is often not strictly complied with in condemnation proceedings. Claimants further contend that they are entitled to receive interest until the date that they are paid. Finally, the City’s appraisal report should contain all of the information that the appraiser needs to testify, so that the City has failed to establish prejudice.
The Law
In disposing of the issues now before the court, it must be recognized that “[a] condemnation proceeding is not a private litigation. There is a constitutional mandate upon the court to give just and fair compensation for any property taken” (Yaphank Dev. Co. v County of Suffolk, 203 AD2d 280, 282 [1994]; accord Matter of County of Suffolk v Kalimnios, 275 AD2d 455 [2000] [a property owner must be paid just and fair compensation for any property taken by exercise of the power of eminent domain]).
As is also relevant herein, EDPL 301 provides that “[t]he condemnor, at all stages prior to or subsequent to an acquisition by eminent domain of real property necessary for a proposed public project shall make every reasonable and expeditious effort to justly compensate persons for such real property by negotiation and agreement.” EDPL 506 provides that “[i]n all acquisitions . . . the condemnor after expiration of the period of time provided pursuant to subdivision (B) of section five hundred two, shall serve and file a note of issue in accordance with the applicable provisions of the civil practice law and rules of the court.”
22 NYCRR 202.61 (a) (1) (exchange of appraisal reports in eminent domain proceedings) provides that:
“In all proceedings for the determination of the *949 value of property taken pursuant to eminent domain, the exchange of appraisal reports shall be accomplished in the same manner as provided for the exchange of such reports by sections 202.59 (g) and 202.60 (g) of this Part, except that such reports shall be filed no later than nine months after service of the claim, demand or notice of appearance required by section 503 of the Eminent Domain Procedure Law unless otherwise extended by the court. A note of issue may not be filed until such reports have been filed.”
22 NCYRR 202.59 (g) (1) provides that:
“The exchange and filing of appraisal reports shall be accomplished by the following procedure:
“(i) The respective parties shall file with the clerk of the trial court one copy, or in the event that there are two or more adversaries, a copy for each adversary, of all appraisal reports intended to be used at the trial.
“(ii) When the clerk shall have received all such reports, the clerk forthwith shall distribute simultaneously to each of the other parties a copy of the reports filed.”
In addition, 22 NYCRR 202.61 (e) provides that “[u]pon trial, all parties shall be limited in their affirmative proof of value to matters set forth in their respective appraisal reports. Any party who fails to file an appraisal report as required by this section shall be precluded from offering any appraisal testimony on value.”
As is also relevant, the New York City Administrative Code provides, in section 5-312, that:
“After all parties who have filed verified claims as provided in section 5-309 of this subchapter, have proved their title or have failed to do so after being notified by the corporation counsel of the time and place when and where such proof of title would be received by him or her, the corporation counsel shall serve upon all parties or their attorneys who have appeared in the proceeding a note of issue as provided in section five hundred six of the eminent domain procedure law. The clerk of the court must thereupon enter the proceeding upon the proper calendar according to the date of the entry of the order granting the application to condemn. When *950 the note of issue has been served and filed, the proceeding must remain on the calendar until finally disposed of.”
Discussion
Applying the above provisions of law to the facts of this case, the court holds that claimants’ failure to comply with the time requirements set forth in 22 NYCRR 202.61 (a) (1) does not entitle the City to dismissal of the claims. In the first instance, as the above discussion makes clear, the City is constitutionally mandated to justly compensate claimants for the taking of the properties. Toward this end, both the EDPL and the New York City Administrative Code, in the quoted provisions, obligate the City to move the proceeding forward and to file a note of issue. Accordingly, this court will not grant the City’s motion to dismiss when the City clearly ignored its obligations.
Further, a reading of 22 NYCRR 202.61 (a) (1) compels the conclusion that both condemnor and claimants are required to file an appraisal report within nine months after service of a claim. Herein, it is undisputed that neither the City nor claimants did. It would accordingly be inequitable to reward the City for its default in failing to comply with the directive of the rule, while at the same time punishing claimants for the same default. In addition, it is noted that the rule does not provide that failure to file an appraisal report should result in dismissal, but instead provides that the failure will result in the defaulting party being precluded from introducing evidence of value at trial.
Finally, the City offers no other statutory or case law precedent that would entitle it to dismissal. Hence, the court must be guided by the more general provisions of the CPLR. More particularly, since the case did not appear on any calendar and no note of issue had been filed prior to claimants making the instant motion, CPLR 3216 would be controlling (see generally Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001], lv dismissed 96 NY2d 937 [2001]; accord Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805 [2006]; Andre v Bonetto Realty Corp., 32 AD3d 973 [2006]).
Pursuant to CPLR 3216 (b), an action may not be dismissed because a party unreasonably neglects to proceed or otherwise delays in the prosecution unless:
“(1) Issue must have been joined in the action;
“(2) One year must have elapsed since the joinder of issue;
*951 “(3) The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed.”
Inasmuch as the City did not serve a 90-day notice on claimants, dismissal of the proceeding is not permissible pursuant to CPLR 3216 (see generally Dergousova v Long, 37 AD3d 645 [2007]; Travis v Cuff, 28 AD3d 749 [2006]; Grant v County of Nassau, 28 AD3d 714 [2006]). The court finds no reason to apply a different, more lenient standard in allowing a condemnor to seek dismissal of a claim, particularly in view of the condemnor’s constitutional obligation to pay just compensation.
Accordingly, the City’s cross motion seeking the dismissal of the claims at issue herein is denied.
Claimants’ Request for an Order Directing the Exchange of Appraisal Reports
The Parties’ Contentions
In support of their motion, claimants rely upon their assertion that, pursuant to EDPL 301 and 506 and Administrative Code of the City of New York § 5-312, it is the condemnor’s obligation to move claims towards a resolution and the City failed to do so. Claimants further assert that “it took some time to complete the appraisals due to the uniqueness of valuing a Marina.” Claimants also aver that the City does not explain how the failure to pursue the claim is prejudicial, particularly since it is obligated to provide compensation to the former fee owners. In addition, although the City refers to a 15-year delay, there is nothing in the file that indicates that the City was ready to exchange appraisal reports prior to 2002, when counsel was substituted, or at any time thereafter. Nor did the City move to dismiss the claims before claimants made the instant motion.
In opposition, the City argues that although the deadline for exchanging appraisal reports is often not strictly observed in condemnation proceedings, claimants herein fail to offer any le *952 gitimate explanation for the delay. The City further avers that it has been prejudiced by the delay, as discussed above. In the alternative, the City argues that the court should stop the running of interest as of August 31, 1997, or nine months after the City authorized the advance payments, since claimants are responsible for creating the delay in the resolution of their claims.
The Law
In addition to the above-quoted provisions of law, 22 NYCRR 202.61 (a) (3) provides that:
“Upon application of any party upon such notice as the court in which the proceeding is pending shall direct, the court may, upon good cause shown, relieve a party of a default in filing a report, extend the time for filing reports, or allow an amended or supplemental report to be filed upon such conditions as the court may direct.” (Emphasis added.)
In addressing the issue of whether claimants should be granted an extension of time in which to file an appraisal report, it has been held that:
“While claimants’ dilatory conduct is not to be condoned, we are not disposed to say that Supreme Court abused its discretion by granting the requested relief. In exercising its discretion to determine whether a party has shown ‘good cause’ for relieving a default in filing (see, 22 NYCRR 202.61 [a] [3]), the trial court must consider all of the relevant circumstances, not merely the excuse or reason proffered for the delay. Though it has been held otherwise with respect to the filing of an amended or supplemental report (see, Matter of Country Knolls Water Works v Hoffman, 229 AD2d 859, 860; Matter of City of Amsterdam v Board of Assessors, 111 AD2d 1017; Salesian Socy. v Village of Ellenville, 98 AD2d 927, 928), when the belated filing involves an initial report, the obvious and severe hardship that accrues to the offering party as a result of rejection of that report — namely, preclusion of the introduction of ‘any appraisal testimony on value’ (22 NYCRR 202.61 [e]; see, Matter of G.T.I. Co. v Assessor & Assessment Bd. of Review, 88 Misc 2d 806, 809) — has been deemed sufficient basis for granting the relief sought (see, Gustafson v State of New York, 56 AD2d 695, 696).” (Matter of Town of *953 Guilderland [Pietrosanto], 244 AD2d 604, 605-606 [1997]; see also Gustafson v State of New York, 56 AD2d 695, 696 [1977] [although the record did not disclose any valid reason for respondent’s failure to file its original appraisal report in a timely fashion, the court affirmed the determination of the Court of Claims forgiving the requirements of rule 25-a of the Court of Claims (22 NYCRR 1200.27), which permitted the free exchange of appraisals for a six-month period, in the absence of prejudice to the claimant or of undue advantage to one party by the action or inaction of the other].)
Discussion
As discussed above, neither the City nor claimants filed an appraisal report in the time period provided in 22 NYCRR 202.61 (a) (1). Although claimants argue that their default in filing should be excused because of the illness and death of their first attorney, and the retirement of the City’s attorneys, claimants’ failure to pursue their claims for over nine years cannot be excused on this basis. Similarly, the court finds claimants’ assertion that the difficulty in preparing the appraisal excuses the delay is unpersuasive.
While proof of value is not precluded where one party has filed an appraisal report, since the other party may adduce evidence through cross examination (see generally Joremi Enters. v Abraitys, 61 AD2d 834 [1978]; Fiesinger v State of New York, 88 Misc 2d 557, 560 n 1 [1976]), inasmuch as neither party filed a report in a timely fashion in this proceeding, no evidence with regard to valuation could be introduced. Accordingly, in recognition of the constitutional mandate for just compensation, the parties herein shall be directed to exchange appraisal reports. In so holding, it is noted that a trial de novo has been ordered and the parties permitted to file new appraisals where the evidence before the court did not allow a fair adjudication of value (see generally Art-Craft Realty Corp. v State of New York, 72 Misc 2d 452, 453 [1972]).
The court finds, however, that while it would be unjust to deprive claimants of the right to seek just compensation for the taking of their property, it would also be unjust to allow them to rely upon their own inactivity for a period of more than nine years to recover interest, since the delay in obtaining payment is, at least in part, a result of their own conduct (see generally Matter of City of New York, 16 Misc 3d 1108[A], 2007 NY Slip *954 Op 51349[U], *6 [2007]; Matter of City of New York, 10 Misc 3d 749, 754-755 [2005]).
Hence, claimants’ motion directing the exchange of appraisal reports is granted, conditioned upon the tolling of interest, i.e., claimants shall not be entitled to recover interest for the period of time commencing nine months after they received the advance payment, when their appraisal reports should have been exchanged, or August 31, 1997,[2] through the date that they requested the exchange of appraisal reports, or March 29, 2007. In so holding, the court relies upon those cases which hold that equitable considerations may result in an estoppel which can toll the accrual of interest (Matter of Matra Bldg. Corp. v Kucker, 19 AD3d 496 [2005]; see generally M&T Real Estate v JJF Assoc., 308 AD2d 362, 363 [2003], lv denied 1 NY3d 504 [2003] [the motion court in the subject foreclosure action properly refused to award any interest for that period of time after defendants moved to redeem, since the delay was due to plaintiff's opposition to that motion and its settlement]; ER-HAL Holding Corp. v Rusin, 252 AD2d 473 [1998] [the court properly denied plaintiffs motion to direct defendants to pay postjudgment interest where plaintiff delayed service of the requisite notice of entry, moved for a stay pending appeal, and interfered with defendants’ attempts to satisfy the judgment]).
Conclusion
For the above-stated reasons, claimants’ motion is granted to the extent of directing the parties to exchange appraisal reports within 20 days of service upon them of a copy of this decision with notice of entry. The City is further directed to file and serve a note of issue and certificate of readiness for trial within 20 days of receipt of the appraisal report. The City’s cross motion is granted only to the extent of tolling the accrual of interest on the subject claims from August 31, 1997 through March 29, 2007.

. In its affirmation, the City alleges that the letter was erroneously dated March 10, 2007.

. In requesting that the accrual of interest be tolled commencing from this date, the City impliedly recognizes that it would be inequitable and unreasonable to expect claimants to prepare and/or file an appraisal report before knowing the amount of compensation offered by the City.